UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSEPH JACKSON,

    Plaintiff,

 -v-                                            15-CV-0922-A
                                                **ORDER**

B. GOKEY, et al.,

    Defendants.

_____

      Plaintiff, Joseph Jackson, a prisoner confined at Attica Correctional Facility, has filed a Second Amended Complaint. Docket No. 16. Plaintiff has also moved for assignment of counsel (Docket No. 17), and executed a *Peralta* waiver (Docket No. 18). Plaintiff alleges that his constitutional rights were violated when Defendants falsely accused him of being involved in a riot at Five Points Correctional Facility, assaulted him in its aftermath, denied him medical treatment, and denied him due process of law at his disciplinary hearing, as more specifically detailed in the Second Amended Complaint. For the reasons discussed below, some of Plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, while some will proceed to service.

## **DISCUSSION**

      Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this Second Amended Complaint. In evaluating the Second Amended Complaint, the Court must accept as true all of the factual allegations and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a

court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after *Twombly* - "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.").

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on the allegations of the Second Amended Complaint, the Court finds that some of Plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b) while others may proceed to service.

**Plaintiff's Allegations.** Plaintiff alleges that he was assaulted, denied medical care, and denied due process at his prison disciplinary hearing. Plaintiff states that he had been in the yard on October 21, 2012 at Five Points when a riot occurred (Docket

2

No. 16, p. 6). Inmates were told to line up along the fence, and order was restored. Plaintiff argued with John Doe 1, denying involvement in the riot, noting that his lip was not bleeding. (*Id.*). A sergeant directed that Plaintiff be separated from the other inmates nonetheless. Plaintiff alleges that he was placed in flex cuffs and beaten by both John Doe 1 and John Doe 2. (*Id.* at 6-7).

Upon arrival in the Special Housing Unit ("SHU"), Plaintiff was seen by Defendant Jane Doe (*Id.* at 7). Plaintiff complained of rib and shoulder injuries to Defendant Jane Doe who "never took immediate action as if to say - you don't look hurt so you'll be fine" and provided no treatment. (*Id.* at 7-8). Plaintiff references Exhibit D as proof that, when he was transferred to Southport Correctional Facility, he was taken to an outside hospital for "rib and kidney diagnosis". (*Id.* at 9, 23). Exhibit D indicates that Plaintiff's primary care provider had recommended a renal ultrasound, and that the recommendation would be considered to determine medical necessity. Plaintiff states that he "was later taken to an outside hospital for rib and kidney diagnosis." (*Id.*).

At Plaintiff's disciplinary hearing, he states that he was denied access to video footage of the riot which would have shown that he was not involved. Plaintiff alleges that the video was reviewed by other staff members, but that Defendant Colvin falsely claimed that there was no video (*Id.* 8). Plaintiff received 40 months in the Special Housing Unit (SHU) and 36 months loss of good time. These were later modified to 24 months SHU and 24 months loss of good time.

*Heck* and *Peralta.* Preliminarily, in addition to time spent in the Special Housing Unit and attendant sanctions, Plaintiff has lost good time credits. This impacts the overall length of his confinement. It is well settled that when a litigant makes a

constitutional challenge to a determination which affects the overall length of his imprisonment, the "sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). *See also Heck v. Humphrey*, 512 U.S. 477 (1994) (an inmate's claim for damages resulting from due process violations during his criminal trial was not cognizable under § 1983 until the conviction or sentence was invalidated on direct appeal or by a habeas corpus petition). In *Edwards v. Balisok,* 520 U.S. 641 (1997), the Supreme Court "made clear that *Heck's* favorable termination rule applies to challenges made under § 1983 to procedures used in disciplinary proceedings that deprived a prisoner of good-time credits." *Peralta v. Vasquez,* 467 F.3d 98, 103 (2d Cir. 2006) (citing and discussing *Edwards*). *Heck's* requirement of a favorable termination, however, does not preclude a § 1983 claim challenging sanctions that do not affect the overall length of confinement. *See Muhammad v. Close,* 540 U.S. 749, 754 (2004); *Jenkins v. Haubert,* 179 F.3d 19, 21 (2d Cir.1999). In *Peralta*, the Second Circuit addressed the impact of the *Heck* requirement on claims that challenge "mixed sanctions" (some affecting the overall length of confinement and others that do not), and held that:

> a prisoner subject to such mixed sanctions can proceed separately, under § 1983, with a challenge to the sanctions affecting his conditions of confinement without satisfying the favorable termination rule, *but that he can only do so if he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement.* In other words, the prisoner must abandon, not just now, but also in any future proceeding, any claims he may have with respect to the duration of his confinement that arise out of the proceeding he is attacking in his current § 1983 suit.

*Peralta,* 467 F.3d at 104 (emphasis in original).

Plaintiff has provided the Court with a waiver forgoing once and for all any challenge to any sanctions that affect the duration of his confinement (Docket No. 18).

4

Plaintiff's § 1983 claims regarding due process are therefore reviewed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

**Disciplinary Hearing.** The only constitutional violation that could occur under the facts alleged in the Second Amended Complaint is if Plaintiff were not provided adequate due process during the disciplinary proceeding. In such a case, Plaintiff's claim is not based on the truth or falsity of the testimony but instead on the conduct of the hearing itself. Plaintiff alleges that a video of the riot existed, was reviewed by staff at the facility, and that Defendant Colvin nonetheless denied Plaintiff access to the video at his hearing, claiming falsely that there was no video. Plaintiff's allegations, accepted as true at this stage of the proceeding, are sufficient at this early stage to proceed to service.

**Excessive Force Claims.** Plaintiff states that, following the riot, he was beaten by Defendants John Doe 1 and John Doe 2. The standard for determining whether prison officials have violated the Eighth Amendment by using excessive physical force was clarified by the United States Supreme Court in *Hudson v. McMillian*, 503 U.S. 1 (1992). According to *Hudson*, "the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.*, 503 U.S. at 7. To assess an Eighth Amendment claim, the Court must consider both the subjective and the objective components of the alleged violations. *Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir. 1994). The objective component considers the "seriousness of the injury." *Id.* The Eighth Amendment "excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-

5

10. The subjective component addresses whether the defendant possessed a "wanton" state of mind while engaging in the use of force. *Id.*, 503 U.S. at 6-7. "Punishments 'incompatible with the evolving standards of decency that mark the progress of a maturing society' or 'involv[ing] the unnecessary and wanton infliction of pain' are 'repugnant to the Eighth Amendment.'" *Hudson*, 503 U.S. at 10 (quoting *Estelle v. Gamble*, 429 U.S. 97, 102-103 (1976)). Plaintiff's allegations regarding the use of excessive force are sufficient to proceed to service at this early stage.

**Denial of Medical Treatment.** Plaintiff alleges that Defendant Jane Doe denied him medical treatment. A claim of inadequate medical care rises to the level of a constitutional violation only where the facts alleged show that defendant was deliberately indifferent to a plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). See also *Ross v. Kelly*, 784 F.Supp. 35, 43-44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992). "A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks omitted)). The Second Circuit pointed out that

> [medical] conditions . . . vary in severity and . . . a decision to leave a condition untreated will be constitutional or not depending on the facts of the particular case. Thus, a prisoner with a hang-nail has no constitutional right to treatment, but if prison officials deliberately ignore an infected gash, "the failure to provide appropriate treatment might well violate the Eighth Amendment."

*Id.* (quoting *Chance*, 143 F.3d at 702).

An isolated failure to provide medical treatment, without more, is generally not actionable unless "the surrounding circumstances suggest a degree of deliberateness,

rather than inadvertence, in the failure to render meaningful treatment." *Gil v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987). "[T]he deliberate indifference standard requires the plaintiff to prove that the prison official knew of and disregarded the plaintiff's serious medical needs." *Chance*, 143 F.3d at 703.

The allegations in this claim do not suggest any degree of deliberateness on the part of Defendant Jane Doe. Plaintiff was seen by Defendant, at which time he complained of rib and shoulder injuries. Defendant examined him, but provided no immediate treatment. From this, Plaintiff concludes that Defendant Jane Doe "never took immediate action as if to say - you don't look hurt so you'll be fine" and provided no treatment. (Docket No. 16, pp. 7-8). Plaintiff's Exhibit D, coupled with his own statements, establish only that "later" he was taken to an outside hospital for rib and kidney diagnosis. (*Id.* 9). These facts, presumed true for the purpose of this analysis, nonetheless fail to establish that Defendant Jane Doe was deliberately indifferent to a medical need. Plaintiff's conclusory allegations that he complained of rib and shoulder injuries do not establish that Defendant knew of and ignored a serious medical need. There are no allegations that Defendant Jane Doe's actual statements conveyed the indifference Plaintiff attributes to her.

Further, the subsequently ordered ultrasound does not establish that a serious medical condition was ignored. Plaintiff's allegations establish only that, in response to later, unknown complaints by Plaintiff and the observations of different medical personnel, outside tests were performed. Plaintiff makes no allegations that a serious medical condition was discovered as a result of these tests.

A "'prisoner's right is to medical care – not the type or scope of medical care which he personally desires. A difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983.'" *Hyde v. McGinnis*, 429 F.2d 864, 867 (2d Cir. 1970) (*quoting Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968)); *accord Ross v. Kelly*, 784 F. Supp. 35, 43-44 (W.D.N.Y.), *aff'd,* 970 F.2d 896 (2d Cir. 1992). "Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation." *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003). The allegations of the Second Amended Complaint do not establish even a lapse in prison medical care and thus Plaintiff's Eighth Amendment claims against Defendant Jane Doe are hereby dismissed with prejudice.

**Valentin.** In his Second Amended Complaint, Plaintiff lists two John Doe Correction Officers as Defendants. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997)(per curiam), the Court requests that the New York State Attorney General's Office to ascertain the full names of the John Doe Defendants Plaintiff seeks to sue. The Attorney General's Office is also requested to provide the addresses where all of the Defendants can currently be served. The Attorney General's Office need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which Plaintiff may name and properly serve the Defendants as instructed by the Second Circuit in *Valentin*.

The New York State Attorney General's Office is hereby requested to produce the information specified above regarding the identities of the John Doe Defendants within thirty-five days of the date of this Order. Once this information is provided,

Plaintiff's Second Amended Complaint shall be deemed amended to reflect the full names of the Defendants, summonses shall issue and the Court directs service on the Defendants.

The Clerk of the Court is also directed to forward a copy of this Order and the Second Amended Complaint (Docket No. 16) by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>.

**Appointment of Counsel.** Plaintiff has again requested the appointment of counsel (Docket No. 17). In deciding whether to appoint counsel, the Court should first determine whether the indigent's position seems likely to be of substance, and if the claim meets this threshold requirement, the Court should then consider a number of other factors in making its determination. *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). Defendants have not yet responded to the allegations contained in Plaintiff's Second Amended Complaint, and the only facts upon which this Court may base its decision as to whether this lawsuit is of substance are those portions of Plaintiff's Second Amended Complaint wherein he states the facts surrounding his claim. At this stage, the Court lacks sufficient information to consider the factors set forth in *Hodge*. Plaintiff's request for appointment of counsel is therefore denied without prejudice as premature.

## **ORDER**

IT HEREBY IS ORDERED, that Plaintiff's Eighth Amendment claims regarding the denial of medical treatment are dismissed with prejudice;

FURTHER, that Plaintiff's Motion for assignment of counsel is denied;

FURTHER, that the Clerk of Court is directed to terminate Defendant Jane Doe as a party to this action;

FURTHER, that the Clerk of Court is directed to cause the United States Marshal to serve copies of the Summons, Second Amended Complaint (Docket No. 16), and this Order upon Defendant Colvin without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor;[1]

FURTHER, that the Clerk of Court is directed to forward a copy of this Order and the Second Amended Complaint (Docket No. 16) by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>.; and

FURTHER, that, pursuant to 42 U.S.C. § 1997e(g), the Defendant is directed to answer the Complaint.

**SO ORDERED.**

_____s/Richard J. Arcara_____
Richard J. Arcara
United States District Judge

DATED: April 10, 2017
Buffalo, NY

---

[1] Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, see Fed.R.Civ.P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.